KINNICUTT and others, Respondents, vs. JOINT SCHOOL DISTRICT No. 1 OF THE CITY OF LADYSMITH AND TOWN OF FLAMBEAU, Appellant.

*May 16—June 12, 1917.*

*Contracts: Fraud: Evidence: Attorneys at law: Opinion as to validity of bonds.*

1. In an action to recover a deposit which had been made by plaintiffs to apply on the purchase price of bonds to be issued by the defendant, but which was to be returned if the legality of the bonds was not approved by plaintiffs' attorneys, a verdict finding that an adverse opinion of the attorneys was given "in bad faith and for the fraudulent purpose of giving the plaintiffs an excuse for refusing to accept the bonds," is *held* to be without support in the evidence.

2. Fraud must be shown by clear and satisfactory evidence.

APPEAL from a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

Action for money had and received. The essential facts are these: The defendant, a joint school district maintaining a high school, voted July 7, 1914, to issue five per cent. bonds for $60,000 to build a new schoolhouse and furnish the same. July 16, 1914, the plaintiffs, who are dealers in bonds with an office in Chicago, made a bid of $62,400 for the whole issue, subject to approval by their attorneys of the legality of the bond issue. This bid was accepted by letter dated July 20th. On July 21st plaintiffs sent to the district officers a certified check for $1,000 as a deposit to be applied on the purchase price of the bonds, but to be returned in case the legality of the bonds was not approved by respondents' attorneys. On July 24th the school district sent to the plaintiffs at Chicago a transcript of the proceedings authorizing the bond issue, which the plaintiffs forwarded to their attorneys, Messrs. Caldwell, Masslich & Reed, at New York, requesting examination of the legality of the proposed bonds. Correspondence was had thereafter between the attorneys and the

school district officers and their attorney, and on September
10th the attorneys sent a letter to the plaintiffs stating what
seemed to them to be doubtful questions as to the validity of
the organization of the joint school district, and declining to
approve the validity of the bonds. In this letter the attor-.
neys do not definitely pronounce the bonds invalid, but say
that their doubts are so substantial and serious that they
can only advise that they do not consider the investment safe.
Thereupon the plaintiffs declined to take the bonds and de-
manded the return of their deposit. The school district sold
the bonds to other parties at par, thus realizing $2,400 less
than the amount of plaintiffs' bid, and refused to return the
deposit, claiming to apply the same as a payment upon the
$2,400 loss. This action is to recover the deposit, and the
appellant defends on the ground that the action of the plaint-
iffs and their attorneys in declining to approve the validity
of the bonds was taken dishonestly and in bad faith in order
to avoid carrying out their bid, and not because of any defect
in the bonds. A special verdict of one question was submit-
ted to the jury, asking whether the refusal of the attorneys to
approve the bonds was "in bad faith and for the fraudulent
purpose of giving the plaintiffs an excuse for refusing to ac-
cept the bonds," and the jury answered the question in the
affirmative. On motion of the plaintiffs the court held that
the evidence was insufficient to sustain the verdict and di-
rected judgment in plaintiffs' favor for the sum deposited,
with interest, from which judgment the defendant appeals.

   *Charles Kirwan* of Ladysmith, for the appellant.

   *T. M. Thomas* of Ladysmith, for the respondents.

WINSLOW, C. J. The only question in the case is whether
there was any evidence in the case sufficient to justify the
verdict of the jury to the effect that the adverse opinion of the
attorneys was rendered in bad faith.

   The attorneys in question are a highly reputable firm, and

a verdict which brands them as unfit to practice law should not be based on conjecture or suspicion, but, like verdicts in all other cases of alleged fraud, upon clear and satisfactory evidence.    Careful examination of the record convinces us that there is no evidence in the case which warranted the jury in coming to that conclusion.    There is absolutely nothing to show collusion and no direct evidence of bad faith.    The defendant relies entirely upon certain circumstances, among which are (1) the fact that the bond market became demoralized by the declaration of war in Europe just after the bid was made and hence that the plaintiffs were liable to lose on the transaction if the bid was carried out; (2) the fact that the attorneys took six weeks to examine into the question before rendering their opinion; (3) the fact that the attorneys assigned untenable grounds for their doubts; (4) the fact that the trial court in the present case determined that the bonds were valid and so instructed the jury; and (5) the fact that the plaintiffs refused to reopen the question and take the opinion of a Chicago attorney after they had received the opinion of the New York attorneys.

We have examined the testimony bearing on these contentions and do not find anything which rises to the dignity of proof of fraud or bad faith.

The transaction was an important one.    Care was a prime requisite.    Far better an excess of caution than a hasty or improvident decision.    The interests of future investors, possibly of people whose limited means might all be invested in these bonds, were potentially depending on the decision. Under such circumstances the attorneys had a right to be cautious, nay it was their duty to be so; and if they had doubts, honesty compelled them to say so.

It would serve no good purpose to state the evidence even in an abridged form.    It must be sufficient to say that in our judgment it entirely fails to show fraud or bad faith.

*By the Court.*—Judgment affirmed.